## CLARK *vs.* FAXTON and others.

In an action against stage-coach proprietors as *common carriers*, for the loss of goods entrusted to them, where the route of the road occupied by them is stated in the declaration as *more extensive* than it is in fact, a *nonsuit* will not be granted for the variance, if in truth the goods were actually received by them and lost upon that portion of the road which they occupied; and on the contrary, *leave* will be given to the plaintiff *to amend without costs.*

*Notice* that all boxes and parcels sent by a stage-coach will be *at the risk of the owners*, does not relieve a common carrier from responsibility, though brought home to the knowledge of the owners of the goods.

THIS was an *action on the case*, tried at the Oneida circuit, in May, 1838, before the Hon. ROBERT MONELL, one of the circuit judges.

The defendants were sued as *common carriers* and charged with the non-delivery of a box of merchandize entrusted to them in December, 1835, at *Batavia*, for carriage to *Utica*. The declaration stated that they were common carriers of goods and chattels *from Batavia to Utica*. Whereas, by the proof, it appeared that they were carriers *only between Utica and Canandaigua*, and that from the latter place to *Buffalo*, a line of stage-coaches was owned and run by other persons, passing on their way through *Batavia*. The box of goods in question was delivered at the coach office

at *Batavia*, and carried on to *Canandaigua*, where it was received at the office of the defendants and entered upon a way-bill for Utica. After proving the value of the goods, the plaintiff rested. The defendants moved for a *nonsuit*, on the ground of the variance between the declaration. and proof as to the *termini* of the rout occupied by the defendants as common carriers; which motion was denied. The d fendants then proved a *printed notice* with the name of the *firm* of the defendants, and the names of several other firms of common carriers, occupying the whole route of travel from *Albany* to *Buffalo* attached thereto, to the effect that they would not be responsible for boxes or parcels sent by their stage-coaches, but that the same, if sent, would be *at the risk of the owners*, and proved that the same had been posted in a conspicuous place in the stage office at *Utica* since the year 1832, where a person entering the office could not fail to observe it; that the plaintiff had been frequently in the office and sent goods and packages in the defendants' coaches to the eastward; that in December, 1835, the plaintiff boarded in a coffee house in a room of which the office of the defendants was kept, and that a similar notice was posted in the bar-room of the coffee-house. This evidence in relation to the notice was received by the judge subject to objection. The judge charged the jury that if they should find that the defendants were owners of the line of stages *between Canandaigua and Utica*, that they received the box of goods, and that the same was lost, the plaintiff would be entitled to their verdict, as the *notice*, though they should be satisfied that it came to the knowledge of the plaintiff, would not relieve the defendants from liability. The jury found for the plaintiff. The defendants ask for a new trial on three grounds: 1. That the plaintiff should have been nonsuited for the variance between the declaration and proof; 2. That the charge of the judge was erroneous in respect to the effect of the notice; and 3. That the judge erred in deciding upon the sufficiency of a notice given by the plaintiff for the production of books, as preliminary to the introduction of *parol* proof.

Clark v. Faxton.

*C. P. Kirkland,* for the defendants.

*J. L. Tillinghast,* for the plaintiff.

*By the Court,* COWEN, J. I do not collect from the account of the notice published by the defendants, that they took any pains to indicate the true limits of their interest, which undoubtedly lay between Utica and Canandaigua. The notice however left the public to infer that the defendants were interested farther ; even from *Albany* to *Buffalo,* The complaint therefore of the mere formal mistake in stating the *termini* does not call for any favor. It is but form, for there is no doubt that the trunk was lost within the range of their actual interest. It is clear that the circuit judge might overlook such a variance, and that we might allow an amendment on terms even in a case where the defendants had no share in the mistake. *Lion ex dem. Eden* v. *Burtis,* 18 Johns. R. 510. *Hull* v. *Turner,* 1 Wendell, 72. But in a case such as this, where the defendants, in one construction of their notice, spoke of an interest more than commensurate with the *termini* in the declaration, I think they should hardly be received to allege the variance. They seem to have supplied the defect in the plaintiff's proof by showing a case in which the plaintiff was perhaps entitled to treat them for all purposes, as carriers from *Batavia* to *Utica,* if not farther. At any rate, the plaintiff may, under the circumstances, amend without costs ; and the new trial should be denied with the usual costs of the plaintiff to be taxed in the general bill. For the two other points made in the cause, there is clearly no foundation.

New trial denied.