Logan v. The Pontchartrain Rail Road Company.

CORNELIUS A. LOGAN *v.* THE PONTCHARTRAIN RAIL ROAD COM-
PANY.

Public notice given by a rail road company that all baggage is at the risk of the
owner, not brought home to the owner, will not exonerate the company from li-
ability as carriers.

In an action against a rail road company, to recover the value of baggage lost, it
was proved to be the usage on the road for a car to run to the end of the pier
forming one of the *termini* of the road, and take from steamers all the baggage
and effects of the passengers, and to return to the ticket office, a short distance
from the pier, where passengers were at liberty to take off their baggage without
charge, the car proceeding with the remaining baggage; and that there was no
person employed by the company to take care of the baggage, each passenger
being expected to look out for his own. It was proved that the plaintiff's bag-
gage was put on the car at the end of the pier, and that he did not accompany it,
but took his passage in the succeeding train. Its loss and value were established.
*Held,* that the baggage was lost by the carelessness of the company; that their
responsibility attached as soon as the baggage was received on the car at the end
of the pier; and that the plaintiff's not accompanying his baggage does not ex-
cuse the negligence of the carriers. Judgment for the plaintiff. C. C. 2722,
2725.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.
*Elmore* and *W. W. King,* for the plaintiff, cited Civil Code, arts.
2722, 2725, 2920, 2934, 2938. Story on Bailments, pp. 27, 41,
46, 57, 304, 305, 308, 315. *Cole* v. *Goodwin,* 19 Wendell, 252.
*Hollister* v. *Nowlen,* Ib. 236. *Clark* v. *Faxton,* 21 Wend. 153.
*Amboy Rail Road Company* v. *Belknap,* Ib. 354. *Baldwin* v. *Col-
lins,* 9 Robinson, 468. *Kohn* v. *Packard,* 3 La. 224. 4 Robin-
son, 381.

*Eustis,* for the appellants.

BULLARD, J. This is an action to recover the value of the
plaintiff's baggage, lost on the defendants' rail road, between
the lake and the city of New Orleans. The defendants answer-
ed by denying generally the allegations in the petition, or that
they were in any way liable under those allegations; and by
further alleging that all baggage transported on their road is at
the risk of the owners, of which the public, as well as the plain-
tiff, had due notice. There was judgment for the plaintiff, and
the defendants appealed.

The last ground of defence may be disposed of by saying, that

Logan v. The Pontchartrain Rail Road Company.

the evidence does not bring home to the plaintiff any notice, that the defendants expected travellers to take upon themselves the risk of their own baggage; and it is now well settled that such notices as are shown in this case, do not exonerate the carrier.

The facts disclosed in the record are, that the plaintiff, who is an actor by profession, came with his daughter as a passenger on board the steamer Norfolk from Mobile, and arrived at the termination of the rail road on the lake early in the morning. He concluded not to come up to town by the first train, but to wait, until after breakfast, for the next. He had confided his baggage and that of his daughter, consisting in part of their theatrical wardrobe, to the care of the mate of the steamer. It is shown to be the usage of the road for a car to run down to the end of the pier, and take off from steamers arriving all the baggage and effects of the passengers; it is then run up to the hotel, where there is a ticket office. At that place passengers are at liberty to take off their baggage without any charge, and the same car comes up to the city with the remaining baggage and passengers. The plaintiff's baggage was put on board the car at the head of the pier, and received by an agent of the Company; nothing more was seen of it, except one trunk, which was recovered at the depôt in the city. The plaintiff came up in the next train.

The mate of the steamer, after stating that he had been requested by the plaintiff to take particular care of his baggage, and giving a description of it, goes on to testify, that when they arrived at the lake end of the rail road he had the baggage put on board the car. That it is customary, as soon as the boat arrives, for all baggage to be put on the baggage cars. He is certain the plaintiff's was so. Plaintiff did not go up until the next train. He says the cars are generally at the rail road, and the clerk is sometimes there and sometimes not. None of the rail road agents objected to the reception of the baggage. That the owner of the baggage generally comes with it, and points it out. *The agents of the rail road cannot tell to whom the baggage belongs.* There is some one stationed at the head of the road to deliver freight, and if there is any baggage left it is taken care of until the owner calls for it. The secretary of the defendants

testified, on his cross examination, that there is no person to take care of the baggage, *each passenger looks out for his own baggage.*

Wilson, an agent of the defendants', testified that no charge is made for baggage; remembers seeing the plaintiff on board. He was promenading the boiler deck with his daughter. When Logan returned from town he complained of the loss of his baggage. He knew it was the plaintiff who was promenading the deck because the witness asked the second clerk if all the baggage and passengers were off the boat, and was answered, yes. He then asked, pointing to the plaintiff and his daughter, who they were? and was told it was Mr. Logan and his daughter, who were to wait for breakfast, and that there was nothing more to go; the car was then waiting.

Thus it appears that the plaintiff's baggage was put on the cars, with the knowledge of the agent that he was not to go up until the next trip; and that such was the management of the business in which the defendants' were engaged in transporting passengers and freight, that no person was employed to take care of baggage, but that each passenger looks out for his own.

Our learned brother of the Commercial Court considered it doubtful, whether the agents of the company were informed that the plaintiff's baggage was put on the car. From the expressions used by the witness it is indeed not clear that he was aware that Logan's baggage was on the car. But the usage was to take all the baggage of all the passengers arriving on steamers, and to carry it up to town, unless taken out at the hotel near the base of the wharf pier.

The court below gave judgment for the plaintiff on two special grounds: 1st. That the defendants received the baggage of the plaintiff, and if they had exercised any system of care in delivering the baggage to the other passengers at the town end of the rail road, they would have discovered this to be surplus baggage, and would have taken care of it for the plaintiff; and 2d., on the authority of the case of *Cole* v. *Goodwin et al.* (19 Wendell 257) where it is laid down that the carrier is bound to seek out the passenger and deliver his baggage to him, and if

he cannot be found to keep it for him; and that the negligence of the passenger will not exonerate the carrier from the strict duty imposed on him by law.

Whether we test the rights of the parties by the provisions of our own Code, or by the principles of the law of bailment applicable to common carriers, which prevail in the other States, the result will be the same. We agree with the court below in the opinion that the liabilities of carriers, under articles 2722 and 2725 of the Civil Code, are the same as those defined by the leading cases to which our attention has been called, and particularly those reported in 19 Wendell, 236, 251; 21 Ib. 153, 354, and in the case of *Baldwin* v. *Collins*, 9 Rob. 468.

The loss of the plaintiff's baggage was occasioned undoubtedly by the carelessness and want of system of the agents of the rail road, at that time. In our opinion the single fact, that the plaintiff remained behind until the next trip, perhaps in ignorance whether his baggage had been sent forward, does not amount to such negligence as to excuse the defendants. In one of the cases referred to above (*Cole* v. *Goodwin et al.*) the Supreme Court of New York held, that the carrier was bound to seek out and deliver his baggage to the passenger, or take care of it for him. In this case it is shown that such was the mismanagement of the defendants, that any person so disposed might have taken away the baggage of a passenger at the depôt, without any control from the agents of the Company.

It has been contended that the responsibility of the defendants does not begin until the car arrives at the ticket office, near the hotel; but we are of opinion that it attaches as soon as baggage is received to be transported on any part of the road; and it is shown that the road extends out to the end of the pier, where the baggage is always received from passengers arriving by steamers.

The appellee complains that the court cut down his demand nearly one half, and he prays for judgment for the full amount claimed. It is manifestly impossible to prove with any precision the value of every article of old clothes, especially of a theatrical wardrobe, or even how many were in fact lost. The

evidence does not enable us to say that the court below was so clearly in error as to the value of the lost baggage, as to justify our interference in that respect.

*Judgment affirmed.*