GEORGE HANDLONG AND WIFE v. ELISHA BARNES ET AL.

1. In a suit in which husband and wife are joined are parties, neither is a competent witness for or against the other.
2. Under the "act concerning witnesses" (*Nix. Dig.* 928), neither husband nor wife, in any suit or proceeding in which they are joined as parties, is a competent witness for or against the other.
3. Under the same act, neither party can be sworn when the other party is prohibited by any legal disability.

In ejectment. Case certified from the Warren Circuit Court.

Argued at February term, 1862.

For the plaintiff, *J. M. Robeson* and *J. G. Shipman.*

For the defendant, *D. A. Depue.*

CHIEF JUSTICE. Handlong and wife sued Barnes, in ejectment, for lands which they alleged were the property of Mrs. Handlong, as heir-at-law of her father. At the trial, Barnes was offered as a witness and rejected. The point to be decided is, was he a competent witness?

The supplement to an act concerning witnesses (*Nix. Dig.* 928)* declares "that no person shall be disqualified as a witness, in any suit or proceeding at law or in equity, by reason of his or her interest in the event of the same, as a party or

---

*Rev., p.* 378 ? 3.

otherwise, &c. ; provided, that no female shall be admitted as a witness for or against her husband, except when the suit or proceeding is between her and her husband, or shall any party be sworn in any case when the opposite party is prohibited by any legal disability from being sworn as a witness."

The ground of the rejection was, that neither Handlong nor his wife could be sworn because disabled to testify for or against each other, and that therefore Barnes was incompetent.

The language of the act is peculiar. It does not declare the parties, *as such*, competent witnesses, but the interest arising out of this relation to the case shall not render them incompetent. If they were incompetent for other reasons than being parties, that incompetency is not taken away. Without entering into an examination of the authorities and text books upon the point, I am satisfied, by the great weight of authority as well as by the reason of the rule, that by the common law, neither a husband or wife could in civil cases be witnesses for or against each other. The rule was inflexible, and rested partly upon the ground of their legal identity and joint interest, and partly upon considerations of policy in regard to the marriage relation, to preserve domestic peace and harmony, and the unreserved confidence which the marriage relation implies and requires. Whether the husband or wife were or were not parties to this suit did not matter ; neither could give evidence to support or destroy a right claimed by the other. This rule was the same whether they were sworn for or against each other. *Jackson* v. *Miller*, 1 *Dutcher* 93 ; *Erwin* v. *Smaller*, 2 *Sand. S. C. Rep.* 340 ; *Hasbrouck* v. *Vandervoort et al.*, 4 *Sand. S. C. Rep.* 599 ; *Davis* v. *Dinwoody*, 4 *T. Rep.* 678 ; *Barker* v. *Dixie*, *Cas. Temp. Hardwicke* 264 ; *Stapleton* v. *Crofts*, 18 *Adolph. & Ellis* 368, per Lord Campbell, Ch. Justice ; *Bentley* v. *Cooke*, 3 *Doug.* 422 ; *Hossack* v. *Rogers*, 8 *Paige* 229, 241 ; *Windham* v. *Chetwynd*, 1 *Burr.* 424 ; *The People, ex rel. Barry*, v. *Mercein*, 8 *Paige* 47, 56 ; *Snyder* v. *Snyder*, 6 *Binney* 483, 488 ; *Batthews* v. *Galindo*, 3 *Car. & Payne* 238 ;

*Hasbrouck* v. *Vandervoort,* 5 *Seld.* 157; *Tiley* v. *Cowling,* 1 *Ld. Raym.* 744; *Stein* v. *Bowman,* 13 *Pet.* 221; 1 *Greenleaf's Ev.,* § 341, 344; 1 *Phillips' Ev.* 83; *Holdfast* v. *Dowling,* 2 *Strange* 1253; *Hawkesworth* v. *Showler and Boyce,* 12 *Mees. & Wels.* 45; *Alcock* v. *Alcock,* 12 *Eng. Law and Eq.* 354; *O'Connor* v. *Majoribanks,* 4 *Mann. & Gr.* 435; *Burrell* v. *Bull,* 3 *Sand. Ch. Rep.* 15; *Rex* v. *Cliviger,* 2 *Term Rep.* 263; *Gilbert's Law of Ev.* 252.

These cases show most conclusively that the rule did not rest upon the ground of pecuniary interest, but upon the broad ground of the importance of preserving the sanctity of the marriage relation, by removing this ground of difference and preserving unimpaired that entire unity which is the essential feature of marriage by the common law. As Lord Coke has quaintly put it, a wife cannot be produced either against or for her husband *"quia sunt duæ animæ in carne una."*

The proviso does not alter the construction of the act. It was inserted probably for abundant caution, but it confirms the view just taken. It indicates the legislative will, that the act should not alter the position of a wife so as to qualify her for or against her husband.

Our statute has removed but one ground of incompetency of parties, that is interest. Handlong could not have been sworn for his wife, if she is to be regarded as the party within the act, nor could she have been sworn for him, if he is to be considered the party.

Lord Demans' act, to be found in *Powell on Ev.* 393, removed the disqualification of interest, but provided that the party to the suit, &c., or the husband or wife of the party, should not be sworn by virtue of the act. The act, 14 and 15 *Vict., cap.* 99, *Powell on Ev.* 397, repealed this proviso, and, by express provision, admitted the parties as witnesses for or against each other. So that, under the two acts, the objection as to interest was removed, and the parties expressly made competent. Under these acts, in *Stapleton* v. *Crofts,* 18 *Q. B., Adol. & Ell.* 367, the Queen's Bench de-

cided that, in a suit brought against her husband, the wife was not a competent witness for him.

In *Barbat* v. *Allen*, 7 *Exchequer Rep.* 609, 612, the Court of Exchequer decided that the defendant's wife was not a competent witness for him, upon the ground that at common law she was not competent, and that the removal of the objections of interest did not render her competent. These cases, decided as they were by Lord Campbell and Baron Parke, respectively, satisfy my mind that the view I have taken is correct. Nor is my conclusion at all shaken by the case of *Merriam* v. *The Hartford and New Haven Railroad Company*, 20 *Conn.* 354, cited and much relied upon by the defendant's counsel.

Two things are plain upon the construction of our act.

1. That the legislature did not mean to interfere with the competency of husbands and wives as witnesses for or against each other.

2. That neither party was to be sworn when the other could not be, or had died; so that the act would operate fairly, giving neither one advantage over the other.

The Circuit Court should be advised that Barnes was not a competent witness.

ELMER, J. In an action of ejectment by husband and wife for land claimed by the wife, one of the defendants was offered as a witness; and being objected to by the plaintiffs, and rejected by the court as incompetent, the single question referred to us for our opinion is whether the witness was rightly rejected. This depends, as both sides agree, upon the question, whether the wife of one of the plaintiffs, herself the other plaintiff, and suing to recover her own property, could be a witness.

Without deeming it necessary to examine the numerous cases, more or less bearing on this question, which were referred to by the counsel who so ably argued this cause, I think the proviso of our act concerning witnesses, approved in 1859, 3 *Nix. Dig.* 928,* is too plain to leave any serious

*Rev., p. 378, ¿ 3.

doubt what ought to be our decision. Independently of this act, neither party could be a witness. The proviso, which is not found in other acts for the same general purpose, is, that "no female shall be a witness for or against her husband, except when the suit or proceeding is between her and her husband." If the wife was admitted as a witness for plaintiffs, I do not see how it can be denied that she would be a witness for her husband, although she would be a witness mainly for herself. He is a necessary party to the suit, and the judgment will be necessarily either for or against him, as well as for or against her. The principle adopted by this court in the case of *Myers* v. *Hollingsworth*, 2 *Dutcher* 187, and by the English and American courts in most of the cases that have arisen under the new statutes regulating evidence, that the ancient rules are to be adhered to in all cases where it does not clearly appear that the legislature meant to alter them, is in my opinion the only safe one, and ought to be carefully adhered to. I am therefore of opinion that the witness was rightly rejected, and that the Circuit Court should be advised to refuse a new trial.

CITED in *Yetman* v. *Day*, 4 *Vroom* 32; *Metler* v. *Metler's Adm'r*, 4 *C. E. Green* 460.