## PORTER v. THE CHICAGO AND NORTH WESTERN RAILWAY COMPANY.

1. Railroads: PLEADING: WAREHOUSEMAN AND COMMON CARRIER. In an action against a railroad company for the value of certain goods delivered to it, the petition alleged: That on the 4th of December, 1864, the defendant was engaged in business as a common carrier and as a warehouseman, running and operating a road from Chicago, Illinois, to Nevada, Iowa, and having a warehouse at the latter place; that on said day plaintiff's goods were delivered to the defendant at Chicago, to be transported to Nevada, as per receipt or bill of lading duly exhibited; and that said goods were duly transported by defendant to the said *warehouse* in Nevada, and were there so carelessly and negligently kept that the aforesaid articles were entirely lost and destroyed, and defendant hath utterly failed and refused to deliver the same to the plaintiff, &c.: *Held*, That the petition sought to recover against the defendant as a warehouseman and not as common carrier; and that instructions assuming that they were sued as common carriers were erroneous.

2. —— CASE APPROVED. The case of *Angle* v. *the Mississippi and Missouri Railroad Company*, 18 Iowa, 555, as to the liabilities and duties of common carriers and warehousemen approved and followed.

3. Pleadings: EFFECT OF DENIAL. When the petition seeks to make defendant liable as a warehouseman, and the allegation thereof is denied by the answer, such denial does not confer upon the plaintiff the right to recover against the defendant in some other capacity, as in that of a common carrier.

4. Receipt: NOT CONCLUSIVE. When a receipt is given by a railroad company for goods before they are actually examined, it is *prima facie* evidence only of what it contains. The receiptor is not concluded from showing the actual condition of the property.

*Appeal from Story District Court.*

TUESDAY, JANUARY 30.

PLAINTIFF sued for the value of certain goods, recovered judgment for the amount claimed, and defendant appeals.

*Greene, Dudley & Belt* for the appellant.

1. The defendant occupies the position of a second carrier, and before it can be charged with the loss of the

goods, it must be shown that the loss occurred while the goods were in its custody. *Hunt* v. *The New York and Erie Railroad Company*, 1 Hill, 228.

2. The defendant, if liable at all, was liable as a warehouseman, and not as a common carrier. *Norway Plains Company* v. *The Boston and Maine Railway*, 1 Gray, 263; *Garside* v. *The Trent and Mersey Navigation Company*, 4 Term R., 583; *Hyon* v. *The Same*, 5 Id., 389; *Chicago and Rock Island Railroad Company* v. *Warren*, 16 Ill., 502; Red. Railw., 253; *Thomas* v. *The Boston and Providence Railway*, 10 Metc., 472; *In re Webb*, 4 E. C. L., 222; *Ackley* v. *Kellogg*, 8 Cow., 223. The carrier of goods by railway is not bound to deliver them to the consignee, or to give notice of their arrival. Red. Railw., 251; 1 Pars. Cont., 261; *Farmers' and Mechanics' Bank* v. *The Champlain Transportation Company*, 23 Verm., 186.

3. "A warehouseman is bound only for ordinary care, and he is not liable for losses when not in default; and he is not in default when he exercises such due and common diligence in the case of goods intrusted to him as he would exercise in the case of his own." Edw. Bailm., 284; 2 Kent Com., 623–625; *Knapp* v. *Curtis*, 9 Wend., 60; *Cliff* v. *Danvers*, Peake, N. P. C., 114; *Blin* v. *Mayo*, 10 Verm., 56; *Foote* v. *Storrs*, 2 Barb., 326; *Brown* v. *Denison*, 2 Wend., 593; *Ackley* v. *Kellogg*, 8 Cow., 224; *Schmidt* v. *Blood*, 9 Wend., 268; *Seymour* v. *Brown*, 19 Johns., 44.

*Boardman & Brown* for the appellee.

The question of delivery is the only one made by the defendants. They do not pretend that the goods were stolen, destroyed or lost without their negligence, and only rely upon their receipt and contest the *one question* they make, viz., *delivery*. This is the *principal* and *only issue*

they tender; none others were made but were proved clearly by plaintiff.

The evidence shows that the instructions of the defendants to their agents were to deliver the goods to some warehouse man if not called for in twenty-four hours after arrival. In this case it was not done. They kept the goods in their own warehouse and gave no notice to the consignee of their arrival.

The general rule of law is that a common carrier is liable from the time he receives the goods until they are delivered to the consignee. See Angel on Carrier, §§ 300, 301, 310, 375, 296, 297.

The burden of proving delivery rests on the carrier. *Golden* v. *Manning*, 3 Wils., 429; *Smith* v. *Nashua & C. R. R. Co.*, 7 Frost (N. H.), 86; *Stephenson* v. *Hart*, 4 Bing., 476; *Gibson* v. *Culver*, 17 Wend. (N. Y.), 309; *Humphrey* v. *Reed*, 6 Whart. (Penn.), 435; see Edw. on Bail., 520, 521; *Ostrander* v. *Brown*, 15 Johns., 39; *Sheldon* v. *Robinson*, 7 (N. H.), 157; *Gaither* v. *Barnet*, 2 Brev. (S. C.), 488; *Hemphill* v. *Chenie*, 6 Watts., 18 (N. Y.), 123; Id. 62, Red. Railw., marg., 254.

As to proof of custom, see Edw. on Bail., 531, 532, 533, 534, *Albatross* v. *Wayne*, 16 Ohio, 513. No local usage and no custom was proved or attempted to be proved.

WRIGHT, J. — I. In this case, it becomes material to refer, with some degree of particularity, to plaintiff's petition, to

1. RAILROADS: pleadings: warehousemen, and common carriers.

ascertain in what capacity he seeks to hold defendant liable for the damages claimed. For if defendant is charged as a warehouseman, very different rules obtain and must be applied than if sought to be made liable as a common carrier.

Turning, then to the petition, we find that plaintiff's claim is this: On the 4th of December, 1864, defendant was engaged in the business of common carriers and as

warehousemen, running and operating a road from Chicago, in Illinois, to Nevada in Iowa, and having a warehouse at the latter place. On this day, plaintiff's goods were delivered to defendant at Chicago, to be transported to Nevada, as per receipt of bill of lading, which is duly exhibited. "And," proceeds the petition, "plaintiff further avers, that said goods were duly transported by defendant to their said *warehouse* in Nevada, and were *therein so carelessly and negligently kept*, that the aforesaid articles (referring to the goods before described) were entirely lost and destroyed, and defendant both utterly failed and refused to deliver the same to this plaintiff; he therefore asks judgment, &c."

Defendant, as indicating its construction of the nature of plaintiff's claim, asked this instruction, which was refused. "The petition discharges defendant as a common carrier, and only seeks to charge it as a warehouseman." Bearing upon the same subject, this instruction was given by the court:

"It is sufficient for the plaintiff to show to your satisfaction that the goods were delivered to defendant in good order, and that while they were under the control of defendant and in their possession, some of them were stolen or embezzled. Under such circumstances defendant is *prima facie* liable for the loss and can only avoid liability by showing that the loss of the goods occurred in some of the modes recognized by law, which will excuse the loss; such as the act of God, destruction by lightning or flood, or something of the kind over which man has no control; or by the acts of the enemy, or by some unavoidable accident; and by unavoidable accident is meant some act or thing that extraordinary diligence cannot guard against."

These instructions, as given and refused (without quoting others upon the same subject and of the same tenor), make it but too evident that the defendant was held to the liability

Porter v. The Chicago and North Western Railway Co.

and responsibilities of a common carrier, and not of a warehouseman merely. For no one will pretend that the instruction given would be the law if the goods were lost by defendant while acting in the capacity of warehouseman. Nor would it be claimed that this instruction would be applicable or correct if the petition charges defendant in this latter capacity. As in our opinion defendant is charged as warehouseman and not as common carrier, it follows that the instruction was improperly given. As to the instruction asked and refused, while it is not couched in the most appropriate language, it takes, substantially, the correct view of the petition, embodies in spirit the true view of the pleadings, and should have been given.

It seems to us no one can carefully read the petition and avoid the conclusion just stated. Defendant, it is true, is described as a common carrier and warehouseman. But this averment can avail nothing against the subsequent positive statement, that the goods were duly transported to their warehouse and were *therein* so carelessly, &c., kept, that they were lost, &c. Not lost by defendant as common carrier, not lost in the transportation, not lost while this relation continued, but, according to the fair and natural construction of the language used, *after* they had arrived at their destination and were placed, by defendant, in store in the warehouse. The carelessness and negligence are charged in keeping the goods in the warehouse, and not during the transportation, nor at any time before the common carrier's duties cease.

The question as to when the duties of a common carrier (by railroad) cease, and when those of the warehouseman begin, we had occasion to very fully examine in the recent case of *Angle* v. *Mississippi and Missouri Railroad Company*, 18 Iowa, 555. In that case also we considered and pointed out the rules measuring the liabilities of these two relations, and cited many of the authorities

2. —— case approved.

bearing upon this most interesting and increasingly important question. As that case is fully in point, and when brought to the attention of the court below, will be a sufficient guide upon most, if not all the questions likely to be made in this, we need not farther elaborate the subject now under discussion, nor consider in detail the other cases relied upon by counsel. Upon some of these, however, a few words may be added.

Appellee's counsel claim that defendant, in its answer, denies so much of the petition as charges it as a warehouseman, and that it is too late now to claim that relation. This denial, however, but took issue upon the allegations of the petition, and though sustained by the most incontestable proof, would not justify plaintiff's recovery upon another and different ground. In other words, it will not do for plaintiff to argue : I charged you as a warehouseman, you denied it, this denial is sustained, but because sustained, or because of your denial, I will make you liable in some other capacity.

*3. PLEAD-ING : effect of denial.*

II. It seems that plaintiff, before examining the goods, executed a receipt to the clerk or agent of the company, and that upon going at once to the boxes containing them, he found that one of them had been opened and a portion of its contents stolen or abstracted. Defendant asked an instruction, to the effect that plaintiff was concluded by this receipt; that it was such an acknowledgment that the goods were received in good order, as would preclude a recovery in this action. This is not the law. It is true we held in the case of *Skinner* v. *Chicago and Rock Island Railroad Company*, 12 Iowa, 192, that the company had a right to require a receipt before delivering the goods, and that the owner had an equal right to examine these before executing a receipt. And to this opinion we still adhere. The effect of such receipt, however, is a very different ques-

*4. RECEIPT : not conclusive.*

tion. *Prima facie*, it is evidence of what it contains. But when made, as it generally is, before the goods or the boxes are examined, it would be overturning all rules to hold the party concluded, or that he could not show the actual condition of his property. If the boxes should be removed from the warehouse, or if the alleged loss should not be discovered or asserted until days after the removal, the difficulty of showing the error or mistake in the receipt, of course, would greatly increase. But each case would turn upon its own circumstances, the force and right of the receipt depending upon and to be measured by the facts attending the delivery. At present, we need only hold as we do, that the receipt, in this case, could not, as matter of law, be held conclusive.

For the radical error in giving and refusing the instructions above noticed, the cause is reversed and remanded with leave to amend the pleadings, if the parties shall be· so advised.

Reversed.