WARNER V. THE BURLINGTON & MISSOURI RIVER RAILROAD.

1. **Carrier:** WAREHOUSEMEN: LOSS OF BAGGAGE. The plaintiff purchased a ticket on defendant's railroad from O. to F. Finding, when about to start, his trunk locked up in the baggage room of another company whose check he then held, he gave this check to defendant's station agent, who told plaintiff to proceed to F, and he would obtain and forward his trunk by next train. Plaintiff accordingly proceeded to F, and, on the next as well as the second day after his arrival, applied at defendant's depot at F for his trunk, but was informed that it had not come. On the third day he sent again, and learned that it had been broken into and rifled of its contents by burglars while it was in the common passenger room, where it had been stored by defendant instead of in the baggage room kept for that purpose: *Held,*

    1. That the facts were sufficient to warrant the finding that defendant was liable as a warehouseman.

    2. That as defendant accepted and undertook to carry and deliver the trunk of plaintiff, it was immaterial whether the agent had the authority, in the first instance, to bind the company by the agreement to obtain and forward plaintiff's baggage.

    3. That, plaintiff having paid his fare, defendant, by undertaking, pursuant to agreement of its agent, to deliver the trunk by a *subsequent* train, took upon itself the ordinary liabilities that are assumed by such companies when the passenger goes upon the *same* train.

2 —— DUTIES OF RAILROAD COMPANIES IN FORWARDING BAGGAGE. If a passenger on a railroad pays his fare, and his baggage is sent forward pursuant to an agreement, and as a part of the consideration moving from the company for the fare prepaid by the passenger, the same rules of care and diligence on the part of the company apply, whether the baggage is forwarded on the same, the preceding, or a subsequent train. This case is distinguished from *Porter* v. *C. & N. W. R. R. Co.,* 20 Iowa, 73.

*Appeal from Jefferson District Court.*

WEDNESDAY, APRIL 17.

PLAINTIFF, in his petition before a justice of the peace, claims ninety dollars, and, for cause, states that on, etc., he became a passenger on defendant's road, and paid his fare

from Ottumwa to Fairfield; that he had in his possession a trunk containing the following articles (giving each item and value); that this was received by the company at Ottumwa, to be delivered at Fairfield, and a check given therefor; that, when it was delivered to petitioner at Fairfield, it had been broken open, while in defendant's possession, and the said articles taken therefrom, to his damage, etc. The answer, in substance, is, that plaintiff, when starting from Ottumwa, had the check of the Des Moines Valley railroad for his trunk; that, being in haste, he left this check with defendant's station agent, with instructions to send the trunk on after him to Fairfield; that the trunk was forwarded, duly checked, and the counter check inclosed in a letter to the agent at Fairfield, with instructions to deliver it when called for by plaintiff; that it arrived at Fairfield; that plaintiff was not there to receive it, and it was accordingly stored in defendant's station-house, a reasonably safe place to store the same; that before plaintiff applied for his trunk, the said house was broken into by a burglar or burglars, without defendant's fault, and the trunk was then and there rifled of its contents.

Defendant appealed from the judgment before the justice, and, on the trial in the District Court, the case made was this: Plaintiff took a ticket and paid for it from Ottumwa to Fairfield; on starting, he found his trunk locked up in the baggage room of the Des Moines Valley railroad, for which he held its check. Not being able to get it, defendant's agent took the check held by plaintiff, telling plaintiff to proceed to Fairfield and he would forward his trunk by next train. Plaintiff proceeded to Fairfield; next day applied for his trunk, but it had not come; the second day he sent for it to the depot, with the same result. On the third day he sent again, receiving answer that it was there and broken open. He called

on the fourth, and found it as stated, and contents taken; being the same and of the value stated in the petition. It had been locked up in the common passenger room; windows nailed down, but forced up by means of a chisel. There was a small room for baggage, off the ladies sitting room; but the trunk was not put in it. The trunk was broken open in the common passenger room.

Upon these facts the court (a jury being waived) found for plaintiff. Defendant excepted and appeals.

*D. Rover* for the appellant.

*D. P. Stubbs*, for the appellee, cited Redfield on Railways, 245, § 129; Id., 242, § 128; Id., 255, § 9, note 13, and cases cited; Angell on Carriers, §§ 114, 318, 319 and 320; Story on Bailments, § 448; *Angle* v. *M. & M. R. R. Co.*, 18 Iowa, 564.

WRIGHT, J.—This case is not like *Porter* v. *Chicago and Northwestern Railroad Company* (20 Iowa, 73).

1. CARRIER: warehouse-men: loss of baggage. There it was clear that the plaintiff in his petition claimed against defendant as a warehouseman, while the instructions held the company to the stricter obligations of a common carrier. Here the petition charges the defendant generally; not as common carriers nor as warehousemen distinctively. He states the facts, and if in either capacity the company is liable the plaintiff is entitled to recover. The proceeding was commenced before a justice of the peace, and the petition is more formal and specific than is usually found in these inferior tribunals. If the defendant desired greater particularity or precision, more definite knowledge of plaintiff's claim, this might have been obtained by a motion for a more specific statement. But, as the case stood, the court could find against the defendant, whether liable as common carriers or warehousemen.

Which view was taken of the case, we have no means of knowing. It is sufficient for us to say, that if the defendant was held to the care and diligence of a warehouseman only, the testimony warranted the finding. That is to say, taking all the facts into the account, remembering that the trunk was not deposited in its proper place; that it was left over night in a common room; that this was broken into by some one, whether by those engaged about the building or by strangers does not appear; that there is no evidence of effort to discover the burglars, and we cannot say the court below erred in finding for plaintiff. Whether the testimony warranted the conclusion that the relation of common carrier still continued, we need not discuss. But see *Smith* v. *N. & L. Railroad Company*, 7 Foster, 86; Redfield on Railways, §§ 129, 130.

But it is insisted that it was out of the line of duty of the station agent at Ottumwa to receive plaintiff's check, and undertake to get his baggage; that the ordinary undertaking to transport the baggage in consideration of the fare paid, only applies in cases where the baggage goes with the passenger; that if sent alone there was no consideration for carrying the same, and that it was the duty of plaintiff to be at the station at Fairfield to receive his baggage.

At what time in the day or night before the trunk was broken open it reached Fairfield, does not appear. Plaintiff had a right to a reasonable time after its arrival within which to receive it. And if it be held that unless the passenger exercised the utmost watchfulness in calling for his trunk, the responsibility of defendant as a common carrier was at an end, it would still be liable as a warehouseman, at least for a reasonable time.

Then we do not see that it makes any difference, whether it was or was not the duty of the agent at Ottumwa, in view of his relation to the company, to for-

ward the baggage. The loss did not occur at Ottumwa, nor before it was placed in defendant's charge. The trunk was intrusted to the care of defendant's admitted agents, and while under their control was rifled of its contents; and it was placed there pursuant to a previous request and agreement.

The consideration paid for carrying the owner was sufficient for transporting the trunk, whether on the same or a subsequent train. The case is not like one where the trunk was sent without any thing being paid, either as the fare of the owner or passenger or otherwise; nor, as though it had been placed upon the train without notifying any one employed thereon of the fact. It may be conceded that the undertaking of the agent at Ottumwa to obtain and forward the trunk was not binding on the company; in other words, had he failed to discharge this duty and loss had occurred, that plaintiff would have had no remedy against defendant.

But this is an immaterial inquiry in the present case. The company accepted and undertook to convey and deliver this baggage, and it is of the failure to do this that plaintiff complains. And, having paid his fare, the defendant, by undertaking, pursuant to the agreement of its agent, to deliver this baggage by a subsequent train, assumed the ordinary liability of such companies where the passenger and baggage go upon the same train. There is no reason for the distinction claimed. The owner, if on the train does not, and is not required, and very often, as is known, will not be allowed, to exercise any control over his baggage after being placed in the appropriate car. And whether on the same, the preceding or the next train, if the baggage goes or is sent pursuant to an agreement and as a part of the consideration moving from the company for the fare paid by the passenger, we

cannot see why the same rules as to care and diligence do not apply. *Logan* v. *Port Chartrain Railway*, 11 Rob., 24. In that case the passenger did not accompany his baggage, but went in another train. Pierce's Railroad Law, 425. And see also, on the questions here discussed, *Jordan* v. *Fall River R. R. Co.*, 5 Cush., 69; *Merriam* v. *H. & N. H. Co.*, 20 Conn., 354; *Platt* v. *Hibbard*, 7 Id., 497; *Moses* v. *B. & M. R. R. Co.*, 4 Foster, 71; *Camden & Amboy* v. *Belknap*, 21 Wend., 354; Redfield on Railways, § 128.

Affirmed.