Ilsley, J.
The defendants are sued as common carriers for the value of a slave of the plaintiffs, which it is averred the said defendants undertook to convey on their steamboat Music, from New Orleans to the plaintiffs’ plantation, on Bayou Lafourche, and which they failed to deliver.
The lower Court gave judgment against the defendants, who have appealed.
The slave was a runaway, and was received on board tlie boat by the captain, who promised to have an eye on him, and he was fastened by handcuffs to the hog-chain of the boat on the boiler deck. One of the *200 officers of tlie boat says that “ the slave asked to go to the privy, and that the porter took charge of and accompanied him, both his hands being in the handcuff's, of which the porter had the key. ”
The officer says he accompanied him a part of the way to the privy, the porter of the boat, a colored man, being- close upon him, and holding him by the tail of his coat; that as the slave went round by the barber’s shop, the officer lost sight of him, and that almost instantly afterwards the porter turned back with the boy’s coat tail in his hand; that the officer proceeded at once to the privy, but saw no more of the boy. Immediate search was made for him, but without effect. That there is a railing along the side of the barber’s shop. The witness represents the porter as perfectly trustworthy. The boat was landed at the time at the plantation of Capt. Dugas, a little below Donaldsonvillo, and a passenger testifies that the porter, who had charge of the slave, came running on the front deck where the witness was standing, and said that the slave had jumped overboard.
There is no difference between the provisions of our code and the principles of the law of bailment applicable, to common carriers, which prevail in the other States. Their liabilities arc the same under articles 2722 and 2725 of the Civil Code, as those defined in cases reported, particularly in Wendell 236, 251; 21 Wendell 153, 354, and in the case of Baldwin v. Collins, 9 Rob. 568. (See Logan v. The Pontchartrain Company, 11 Rob. 26, 27), and it has been distinctly held that the law regulating the responsibility of common carriers does not apply to the case of carrying intelligent beings, such as negroes. The Court, in the case of Boyce v. P. Anderson, 2 Peters, page 150, in enunciating this principle, said: “The carrier has not, and cannot have over slaves the same absolute control that he has over inanimate matter. In the nature of things they resemble passengers, and not packages of goods. It would seem reasonable, therefore, that the responsibility of the carrier should be measured by the law which is applicable to • passengers, rather than by that which is applicable to the carriage of common goods.”
If, in the present case, the plaintiffs sustained any injury by the loss of their slave, whose value was proved, the defendants would only bo responsible for that injury, by the negligence or unskillfulncss of themselves or their agents, and we can perceive no reason under the facts proved thereon, to charge them with either the one or the other. The judgment of the Court below should have been in favor of the defendants.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and it is further ordered, that judgment be and it is hereby rendered in favor of the defendants and against the plaintiffs, and that the plaintiffs pay the costs in both courts.
Howell, J. recused.