Pearson, J.
 

 The
 
 gravamen
 
 of the action is negligence on the part of the defendants through their agent, and the question is, was there evidence of negligence.
 

 It was proven, that the cars ran over two negroes of the plaintiff, killing one and injuring the other ¡and the plaintiff insists, that, from this fact, the law implies negligence. The position is not tenable, that whenever damage is done, the law implies negligence. The bare statement of the proposition shows its fallacy. The cases of
 
 Ellis
 
 v.
 
 Ports. Roan R. R. Co.
 
 2 Ire. 138, and
 
 Peggit
 
 v.
 
 East. Co, Rail Road,
 
 54 E. C. L. R. 229, were relied on as supporting this position. In both cases fire was communicated to the property of the plaintiffs — in the one case, a barn — in the other, a fence was set on fire by sparks from the cars. It was proven in both cases, that
 
 *407
 
 the cars had been running for a long time without doing any damage, and,
 
 things remaining in the same condition,
 
 the fact, that fire was communicated on a particular occasion, was properly held to be
 
 prima facie
 
 evidence, that it was the result of negligence. Judge Gaston, in the case of
 
 Ellis,
 
 lays down the rule in these words: “where the plaintiff shows damage resulting from the act of the defendants, which act with the exertion of proper care
 
 does not ordinarily produce damage,
 
 he makes out a
 
 prima facie
 
 case of negligence, which cannot be repelled, but by proof of care, or some extraordinary-accident, which makes care useless.” In'other words, as the cars had been running under the same circumstances time after time without setting fire to the fence, if on a particular occasion the fence is set on fire, it must be ascribed to negligence, unless it can be accounted for, as by showing there was a sudden gust of wind, or some other unusual cause. In this case, the cars had been running for years without injuring a negro, because.no negro had fallen asleep upon the track. That was itself an unusual circumstance, and repels any inference of negligence, from the mere fact, that damage was done, and therein this case differs from the cases of the fence and the house, which had remained stationary. The question of negligence then is open for inquiry.
 

 What amounts to negligence.is a question of law. Admitting the facts to be as contended for by the plaintiff, there was no evidence of negligence. The cars were running at the usual hour and at the usual speed, not through a village, or over a crossing place, or turning a point, but upon a straight line, where they could be seen for more than a mile. The negroes might have been seen at the distance of half a mile. Whether the engineer saw them or not until he was too near to stop, does not appear. There is no evidence that he was not in his place and on the look out. It cannot be inferred from th©
 
 *408
 
 fact, that he made no effort to stop until he got within twenty five or thirty yards of the negroes ; for that is entirely consistent with the supposition, that he had seen them for half a mile ; because, seeing them to he men, he naturally supposed they would get out of the way before the cars reached, and might well have continued under this impression, until he got near enough to see, that they were either drunk or asleep, which he was not bound
 
 to
 
 fore-see, and his being then too near to stop, so as to save them, was their misfortune, not his fault.
 

 If there had been a log of wood on the track, running over it would amount to negligence ; for, if the engineer did not see it, there was negligence in not keeping a look out, and if he did see it, there was negligence in not stopping in time, as wood has neither the instinct of self preservation nor the power of locomotion. If there had been a cow on the track, the ease would not be so clear, for the animal has both the instinct of self preservation and the power of locomotion ; but, on the other hand, it is known, that such animals lose their natural apprehension of danger by frequently seeing and hearing the cars. But as the negroes were reasonable beings, endowed with intelligence, as well as the instinct of self preservation and the power of locomotion, it was a natural and reasonable supposition, that they would get out of the wTay, and the engineer was not guilty of negligence, because he did not act upon the presumption that they had lost their faculties by being drunk or asleep. If a deaf mute, while walking on the track, be unfortunately run over, it would certainly not be negligence, unless it was proven, that the engineer knew the man and was aware of his infirmity. If the cars are to be stopped, whenever a man is seen walking on the road, lest perchance he may be a deaf mute,- and whenever negroes are seen lying on the track» lest'they may be drunk or asleep, a knowledge of this impunity would be an inducement to obstruct the high
 
 *409
 
 way and render it impossible for the company to discharge their duty to the public, as common carriers.
 

 We concur with his Honor as to the competency of the captain as a witness for the defendants. He was in no wise responsible But we do not concur in the opinion, “that the fault of his slaves in going to sleep on the road at the time and under the circumstances stated by the witnesses was imputable to the plaintiff.” No fault is imputable to the owner for not preventing his negroes from going about on Sunday and lying down where they please, nor is the amount of care required of the defendants thereby “diminished.” For this reason, we should be compelled to grant a
 
 venire de novo,
 
 if this instruction could have influenced the decision of the case. But, as the plaintiff made out no evidence of negligence, this^ error was immaterial.
 

 For the same reason it is unnecessary to notice the cases cited in the argument, as to the damage done, when there was negligence on both sides. We concur in the opinion, that, when this is the case, neither party can recover, unless one be guilty of wanton injury or gross neglect, which is much the same thing; for, if both are in equal fault, if one can recover so can the other, and thus there would be mutual faults and mutual recoveries, which would contradict the saying, “that law is the perfection of reason.”
 

 Per Curiam.
 

 Judgment affirmed,