THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* COX.

COMMON CARRIERS.—LIMITATION OF LIABILITY.—A purchased a ticket issued by the *Indianapolis and Cincinnati Railroad Company,* securing a right of passage from *Indianapolis* to *Shelbyville.* His baggage was taken charge of by the company for delivery at *Shelbyville,* and a check given him for it, on one side of which was stamped these words : " In consideration of free carriage, its value is agreed to be limited to one hundred dollars," and on the other, " I. & C. R. R., 583, *Indianapolis* and *Shelbyville.*" A could have read the words and figures on the check. The value of the baggage exceeded one hundred dollars. It was lost by the company.

*Held,* that the limitation expressed in the words stamped on the check could not, in any case, apply to a loss resulting from the company's want of care.

*Held,* also, that if such a limitation of the liability imposed by law could be secured by the carrier, it could only be by an express contract.

APPEAL from the Shelby Circuit Court.

RAY, J.—This cause was submitted to the court below upon the following agreed statement of facts : The appellee purchased a ticket issued by appellant, as evidence of a right of passage from *Indianapolis* to *Shelbyville,* and his baggage was taken charge of by said company for delivery at that

point, a check being given for the same, upon which was stamped, on one side thereof, these words: "In consideration of free carriage, its value is agreed to be limited to one hundred dollars," and on the ·reverse, " I. & C. R. R., 583, *Indianapolis* and *Shelbyville.*" The appellee could have read the words and figures on the. check. The value of the baggage was $167 50, and it was lost by the appellant. Judgment was rendered by the court for the full value.

It was held in *Orange County Bank* v. *Brown et al.*, 9 Wend. 85, that " a common carrier who carries passengers and their baggage is responsible for the baggage, if lost, ·although no distinct price be paid for its transportation. The compensation for its conveyance, in contemplation of law, is included in the fare of the passenger." The law, as thus stated, was recognized in *Camden &c. Transportation Co.* v. *Belknap*, 21 Wend. 353. In *Jordan* v. *The Fall River Railroad Co.*, 5 Cush. 69, this language is used : " It was held, in the .time of Lord HOLT, and formerly by the Supreme Court of *New York*, that passenger-carriers were not liable for baggage unless a particular and distinct price had been paid for its conveyance. But it is now well settled, and is a matter of great and general convenience and accommodation in this age of universal and perpetual traveling, that passenger-carriers are responsible for the baggage of a passenger, and that the reward for conveying the baggage is included in the passenger's fare."

The ruling in the cases of *Cole* v. *Goodwin et al.*, 19 Wend. 251, and *Gould et al.* v. *Hill et al.*, 2 Hill 623, was that " common carriers cannot limit their liability, or evade the consequences of a breach of their legal duties as such, by · an express agreement, or special acceptance of the goods to be transported."

Many of the earlier and most carefully considered cases in‾ *England* have treated notices given by common carriers limiting their common law liability, as having no application to a loss of goods resulting from the ordinary risks of transportation, but as intended to relieve the carrier from

the extraordinary hazards imposed upon him. Thus, as a carrier of passengers, the liability for injury only results where there has been a want of proper care, diligence or skill. But in relation to baggage, carriers are regarded as insurers, and must answer for any loss not occasioned by inevitable accident or the public enemies. It would seem more reasonable, if any effect whatever be given to such notices, that they should only protect the carrier in case of a loss against which his care and skill could not guard, rather than that they should be held to relieve him from the results of his own neglect. Such, indeed, was the effect given to a stipulation that the carrier "was not to be responsible in any event for loss or damage." *New Jersey Steam Navigation Co.* v. *Merchants' Bank*, 6 How. (U. S.) 344. To the same effect are the cases of *Slocum* v. *Fairfield*, 7 Hill 292; *Whitesides* v. *Russell*, 8 Watts & S., 44; *Baker* v. *Brinson*, 9 Rich. (L. R.) 201; *Berry* v. *Cooper*, 28 Ga., 543. This distinction was also taken in *Parsons* v. *Monteath*, 13 Barb. 353, and the rule as announced in *Gould et al.* v. *Hill, supra*, was there modified.

Without deciding that the carrier may thus limit his liability, we hold that the limitation cannot, in any case, apply to a loss resulting from his own want of care. As the law imposes the general liability upon him, he could only avail himself of an exemption from such responsibility by proof that the loss occurred from some cause within the exception. *Davidson* v. *Graham, supra*, and the cases we have cited, following. In *Moore* v. *Evans*, 14 Barb. 524, it was held that the *onus* was upon the owner of the goods to prove want of care in the carrier, but the ruling is certainly against authority, and is we think an unreasonable departure from the rule at common law, by which the carrier was required to show affirmatively that the loss resulted from inevitable accident or the public enemy. In this case, the evidence did not bring the appellant within any such exception.

But there is another ground upon which the judgment

below must be affirmed. If such a limitation of the liability imposed by law can be secured to the carrier, it can only be by express contract. In the case of *Kerr* v. *Willan*, 2 Starkie 53, where the party delivering the goods could read and had seen the carrier's notice of the conditions on which he received the goods hanging in the office, but not supposing it interested him, had not read it, Lord ELLENBOROUGH said, at the trial: "You cannot make this notice to this non-supposing person." We may well conclude that a passenger receiving a metal check for his baggage, marked with its destination and the number, would be "non-supposing" of a release of the carrier's liability stamped upon the other side. In *Malone* v. *The Boston and Worcester Railroad Co.*, 12 Gray 388, the passenger received a check containing the letters, in large type, "B. & W. R. R. Check. *Boston* to *Worcester*." And in the left hand lower corner, in quite small type, the words, "look on the back." On the reverse, in equally small type, was the following: "Passengers are not allowed to carry more than eighty pounds of baggage, all of which must be strictly personal, and not exceeding fifty dollars in value, unless notice is given and an extra price paid," and also certain rules in regard to smoking and standing upon the platform, and this additional notice: "For other regulations, see printed notice in the cars and at the stations." It was also proved that in each of defendant's cars was posted a placard containing a like notice of limitation of liability, and notice as to smoking in the cars, standing on the platform, &c., and that the defendant had read the notice in the cars as to smoking and standing on the platform. He denied, however, having read the notice as to the limitation of liability. It was held that his acceptance of such a check did not discharge the carrier, without proof of express notice at the time of receiving the check, leaving undecided, as had been done in *Brown* v. *The Eastern Railroad Co.*, 11 Cush 97, the question of the power of a common carrier to discharge himself by contract from common law liability. In the latter case, the restriction of liability was

printed in small type, on the back of the ticket, and the court held that taking the ticket raised no legal presumption that the plaintiff read the printed matter ; that it was a question of fact whether she knew the contents before she started on her journey, and that if not read until she had started, her rights were not affected by it. In *Gouger* v. *Jolly*, 1 Holt, 317, it is said "the carrier is responsible unless express notice is brought home to the plaintiff." So BEST, C. J., in *Brooke* v. *Pickwick*, 4 Bing. 218, held a notice posted in the carrier's office insufficient, but that actual notice of the limitation of liability should be given. So are all the cases. *Davis* v. *Willan*, 2 Starkie 279; *Butler* v. *Heane*, 2 Campb. 415 ; *Walker* v. *Jackson*, 10 M. & W. 161 ; *Beckman* v. *Shouse*, 5 Rawle. 179 ; *Michigan Central Railroad Co.* v. *Hale*, 6 Mich. 243. We do not think the method adopted in this case raised any presumption of a contract limiting the liability of the appellant.

The judgment is affirmed, with five per cent. damages and costs.

*W. Cumback, S. A. Bonner* and *J. D. Miller,* for appellant.
*G. D. Hinckle* and *K. M. Hord,* for appellee.