SMITH & MELTON v. the NORTH CAROLINA R. R. COMPANY.

Although a common carrier cannot, by a general notice to such effect, free itself from all liability for property by it transported; yet by notice brought to the knowledge of the owner, it may *reasonably qualify* its liability; and, by a special contract with him, it may *relieve itself* from its *peculiar* liability *as common carrier*, and in such case it will remain *liable for want of ordinary care*, i. e., *for negligence.*

Where a special contract exists, the burden of proof in regard to negligence, is upon the plaintiff.

Where the facts are agreed upon, or otherwise appear, the question of negligence is one for the court; where such facts are in dispute, it is proper for the court to explain the rule as to negligence, upon any particular hypothesis as to the facts, and leave the application to the jury.

Where a railroad company, being unprovided with the means of arresting sparks ("spark-arresters"), gave notice that it would transport cotton *at half rates*, in case it were relieved from risk as to fire, and thereupon an agent of the owner, (who besides, had a special understanding with the company to the same effect, as regards fire risk,) shipped cotton upon the road at half rates: *Held*, that bare proof of destruction by fire whilst being transported by the company, would not entitle the owner to recover damages for such loss.

ASSUMPSIT, tried before *Logan, J.*, at January Special Term 1870 of MECKLENBURG Court.

The cause of action was, the loss by fire of nineteen bales of cotton belonging to the plaintiffs, whilst being transported by the defendant in 1866.

Upon the trial it was shown that the engines used by the defendant were not prepared for transporting cotton, not being furnished with the "spark-arresters" which are in use to prevent fire; that the company had a regulation, at the time of, and for nine months before, the fire in question, by which it engaged to transport cotton at half the usual rates of freight, upon consideration that the owner would relieve it from risks on account of fire; and that the agent, who contracted for the owner to ship that cotton (as he had some 2,000 other bales, since the summer of 1865), had a special understanding with the company at the time of shipping, that it should not be liable for such risks; also, that half rates were paid upon it. It was also shown that the cotton was destroyed by fire, whilst being transported by the company, near Charlotte, from which point it had been shipped.

No further report of the facts is necessary for the understanding of the Opinion.

Both parties asked for certain instructions, and the court declined to give them.

Among those asked by the defendant, was this: That, upon the evidence, there was no negligence upon the part of the defendants.

Among the instructions given by his Honor, was this:

That it devolved on the defendant to show ordinary care, if the fact was found that the damage was occasioned by its act.

Verdict for the plaintiff, &c., Judgment and Appeal.

*Wilson* for the appellant.

1. Public carriers may limit their peculiar liability, Pars. Cont, 1, 703 and n. d.   Story Bailm. § 549, Pierce, R. R.'s 420.

2. If so limited, they are not responsible for want of ordinary care, but only for gross negligence, Story Bailm. § 570 &c., 2 Green. Ev. § 218.

3. The burden of proof in regard to care, was upon the plaintiff.   Story Bailm. 573 &c.   Angell, Carriers, § 61 n. 5, § 276, 2 Green. Ev. § 8.

*Dowd,* contra, cited *Glenn* v. *R. R. Co.,* 63 N. C. 510; *Ellis* v. *R. R. Co.,* 2 Ire. 138 ; *Backhouse* v. *Sneed,* 1 Mur. 173 ; *Harrell* v. *Owen,* 1 D. & B. 273 ; *Boner* v. *Merchant's &c.,* Co., 1 Jon. 211 ; *Scott* v. *R. R. Co.,* 4 Jon. 432 ; *Woodard* v. *Hancock,* 7 Jon. 384 ;   *Avera* v. *Sexton,* 13 Ire. 247 ; *Heathcock* v. *Pennington,* 11 Ire. 640 ; *Byles* v. *Holmes,* Id. 16 ; *New Jersey Nav. Co.* v. *Merchant's Bank,* 6 How. 344 ; *Platt* v *Hibbard,* 7 Con. 500, Redf. R. R.'s 272, Angell Carr. § 47 and § 45, Pars. Cont. 1, 711, 2 Green. Ev. 133; *Chaffin* v. *Lawrence,* 5 Jon. 179.

READE, J.   The questions involved in this case are of such general interest, and so frequently arise, and it is so important that there should be uniformity in the decisions upon these questions in States traversed, as are those of this country, by *systems* of railroads extending through many or all of these States—that we have carefully examined the authorities.   Starting with the well

known rule that common carriers are liable for all losses, except such as result from the act of God or the public enemy, we find the following corollaries or variations thereof well established :

1. They cannot by general notice, free themselves from liability; as for example, by a general notice of "All baggage at owner's risk." The owner may disregard such notice; and the baggage, notwithstanding the notice, will be at the risk of the carrier. But they may, by notice brought to the knowledge of the owner, *reasonably qualify* their liability—as, if the notice be, that they will not be liable for glass in a box, or for articles of unusual value, unless informed of the facts.

2. They may, by special contract, be relieved from their peculiar liability as common carriers ; as by that in the case before us, That they will not be liable for loss from fire.

3. When they are relieved as above, by special contract, they are still bound to ordinary care, notwithstanding the special contract.

4. When there is such special contract, the burden of proving the want of ordinary care, or what is the same thing, of proving negligence, is upon the owner.

5. When the facts are agreed upon, or otherwise appear, what is ordinary care, is a question for the court. When the facts are in dispute, the proper course for the Judge is, to explain what would be ordinary care under certain hypotheses as to facts, and leave the jury to apply the law to the facts as they find may them.

In the case before us, it appears that the defendant was not prepared to transport cotton with safety, as against fire, not being provided with *spark arresters,* to guard against this danger. Hence the stipulation for a *fire release* was taken. The plaintiff must show other evidence of a want of ordinary care, to render the defendant liable for the cotton in question.

The learning upon this interesting subject, is well digested

in 1 Pars. Cont., 1, 704, *N. J. Steam Nav. Co.* v. *Merchant's Bank,* 6 Howard, 344.

There is error.

