By the Court.—Truax, J.
The bills of lading offered in evidence by the plaintiff are evidence of the terms of the contract between the parties thereto. It is true that on the argument before the general term, the plaintiff claimed that the bills of lading were not offered in evidence as contracts, but were offered merely as memorandums by which to identify the cotton in suit; but such claim was not made on the trial. The bills of lading were offered generally and without any limitation, and they were treated by the court and the parties to the action as the bills of lading for the cotton shipped by defendant to plaintiff’s assignor, so that it is now too late for the plaintiff to claim that they do not constitute the contract under which the defendant received the cotton.
By this contract the defendant was exempted from any responsibility for any loss or damage arising from fire, unless such fire were proved to have occurred from the fraud or the gross negligence of the defendant or its agents. This put upon the plaintiff the burden of establishing the fact that the fire occurred “ from the fraud or gross negligence ” of the defendant, its agents or servants (Whitworth v. Erie Railway Co., 87 N. Y. 413). But the evidence shows conclusively that the fire occurred without any fraud or gross negligence on the part of the defendant or its servants or agents, and it was not error to direct a verdict for the defendant unless, as claimed by the plaintiff, the contract is prohibited by the- laws of the states where it was made.
The cotton was shipped from different places in Georgia, North Carolina and South Carolina, to the plaintiff’s assignor in New York. The complaint alleges, and the answer admits that the defendant is a corporation created by and under the laws of the state of Virginia. The proof shows that the defendant’s road extended from Richmond, Virginia, to West Point, in the same state. The defendant was acting in Virginia as a member of the *498 Piedmont Air Line, and the other lines that received the goods in Georgia and North and South Carolina. The goods were destroyed in Virginia.
The plaintiff offered in evidence chapter 65, section 2, of the Revised Statutes of South Carolina (1873), which provides that no special contract shall “limit or affect the liability at common law of any railroad company within this state for, or in respect of any goods to be carried and conveyed by them.” But the defendant is not a railroad company within the state of South Carolina, and on the evidence in this case is not bound by the laws of South Carolina.
The plaintiff also offered in-evidence certain portions of the laws of Georgia which prohibit common carriers from limiting their legal liability by notice, but these laws also provide that the carrier “may make an express contract, and will then be governed thereby.” This, we have seen, was done by the defendant in this case.
The only evidence before the trial court of the law of North Carolina on this point was the case of Smith v. N. C. R. R. Co. (64 N. C. 235), but this case is an authority that a common carrier may in North Carolina limit his liability by special contract, as was done in this case.
I am of the opinion-that there was no evidence before the trial court that either of the bills of lading which are the evidence of the contract between the plaintiff’s assignor and the defendant, was prohibited by the laws of the state in which the bill of lading was issued.
This view of the case renders it unnecessary for us to determine whether the defendant is, or is not entitled to the benefit to be derived from and under the policy of insurance mentioned in the. evidence.
The judgment appealed from is affirmed, with costs.
Sedgwick, Oh. J., concurred.