AVERY, J., dissenting.
The plaintiffs brought this action to recover damages for alleged injuries to the feme plaintiff's land, brickyard and brick, situate on the same, a short distance above the place where the defendant's railroad crosses Chockeycotte Creek on an arched culvert. It is alleged that this culvert was too small to allow the water of the creek to pass freely through it in times of freshet, and that the free flow of the water was obstructed by it, and the water became ponded and made to flow back upon plaintiff's land, whereby the injuries complained of were occasioned, etc. The answer denied most of the material allegations (590) of the complaint, and alleged contributory negligence on the part of the plaintiffs, in that they negligently placed their brickyard and brick at a place where they knew, or had good reason to believe, the same would sustain injury from overflow of the stream, etc.
The pleadings raised issues of fact, and many were submitted to the jury, and among them, this one: "9. Was the plaintiff guilty of contributory negligence in putting her bricks on said land?"
On the trial, the court asked the witness (the husband of plaintiff) to state whether or not water was backed by the culvert upon his land every *Page 429 
year since he owned it, so as to damage his crops and brickyard, or whether this ponding back of water was done at intervals, some years there being no ponding back of water.
The defendant objected to this question as irrelevant. The objection was overruled, and the defendant excepted, and the witness answered, this did not occur every year, but did occur about on an average of four out of five years.
The defendant, among other special instructions, asked the court to tell the jury, "that upon plaintiffs' own evidence, they were guilty of contributory negligence."
As to the ninth issue: "Was the plaintiff guilty of contributory negligence in putting her bricks on said land?" the court charged the jury that if they should find that circumstances were such that a man of ordinary prudence would have put his bricks on the land, then the plaintiff would not be guilty of contributory negligence, but if they should find that the circumstances were such that a man of ordinary prudence would not have put his bricks on the land, then the plaintiff would be guilty of contributory negligence. To this the defendant excepted.
As to the fourth issue, the court charged the jury that if they should find that the water was ponded upon the brickyard by the culvert, they would answer this issue "Yes," unless they should also find that the rainfall on this occasion was so extraordinary and (591) excessive that it could not have been reasonably expected to fall, considering all the circumstances, and especially the history of the stream, would a prudent man have anticipated such a flood as caused the damage. To this the defendant excepted.
There was a verdict for the plaintiff, and judgment thereupon, from which the defendant appealed.
It is not the province of the jury to ascertain and determine what is negligence, or what is reasonable diligence. It is too well settled in this State to admit of serious question, that such questions are questions of law to be decided by the court when the pertinent facts are ascertained, or are admitted, or the evidence is to be accepted as true. When, however, the facts are to be found by the jury from conflicting evidence upon issues of fact submitted to them, as must happen perhaps in most cases, the court should submit the evidence to them with appropriate instructions as to the varying aspects of the evidence. It should carefully instruct them that if they found one state of facts, then there is negligence; *Page 430 
if a second, then there is no negligence; if a third, then there is or is not; if a fourth, there is or is not as the case may be, and so on, meeting every reasonable material aspect of the evidence and the facts accordingly as they may be found one way or another. This must be so, else the jury must frequently be left to decide legal questions oftentimes of great moment, and of difficult solution. It is not the province of the jury, but that of the court, to decide all legal questions arising in the course of an action, whether in the trial of the issues of fact or otherwise, and it is the duty of the court, as far as practicable, never (592) to leave the jury to guess at random as to what the law is, and as to its application. It is no doubt sometimes difficult where the evidence is voluminous and conflicting, presenting varying aspects of it, to apply the law satisfactorily. Nevertheless, it is the duty of the court to do so as thoroughly as practicable. In such cases, he brings into use his talents, tact and great learning as a judge.
It is not sufficient or proper to instruct the jury to consider and determine whether "a prudent man" would or would not do the matters and things in question, and to be governed by their best judgment in that respect. This would practically leave it to them to decide what did or did not constitute negligence or reasonable diligence in the case before them, whereas they should receive the law from the court, and finding the facts, apply them to the instructions they so received, and not otherwise. The jury may not decide whether there is or is not negligence in view of the evidence and facts before them, by deciding what, in their judgment, "a prudent man" would think of the facts, and how he would probably act upon them.
The authorities which fully support what we have just said are numerous, and we cite several of them to which ready reference may be made. Whatever may be said in possible cases obiter, we think that not a single case decided by this Court can be found to the contrary. Herring v. R. R.,32 N.C. 402; Biles v. Holmes, 33 N.C. 16; Heathcock v. Pennington, ib., 640; Avera v. Sexton, 35 N.C. 247; Smith v. R. R., 64 N.C. 235; Andersonv. Steamboat Co., ib., 399; Pleasants v. R. R., 95 N.C. 202; Sellars v. R.R., 94 N.C. 654; Aycock v. R. R., 89 N.C. 321; Wallace v. R. R.,98 N.C. 494; Smith v. R. R., 99 N.C. 241; and there are numerous cases to the like effect.
In this case, the defendant expressly alleged contributory negligence of the plaintiff, and an appropriate issue in this respect was (593) submitted to the jury. The defendant requested the court to instruct them, "that, upon the plaintiff's own evidence, they are guilty of contributory negligence." The court declined to give such instruction, but told the jury, referring to the ninth issue, that "if they should find that circumstances were such that a man of ordinary *Page 431 prudence would have put his bricks on the land, then the plaintiff would not be guilty of contributory negligence; but if they should find that the circumstances were such that a man of ordinary prudence would not have put his bricks on the land, then the plaintiff would be guilty of contributory negligence." In this there is error. The jury were left to decide that there was or was not negligence, accordingly as they might think "a man of ordinary prudence" might do one way or the opposite thereof in view of the facts. The evidence of the husband plaintiff was direct to the point, and the court should have told the jury that if they believed this evidence, there was or was not contributory negligence.
It is insisted, however, that the error is harmless because the jury found, in effect, that there was no contributory negligence, and that, in legal contemplation, there was none. We cannot concur in this view of the matter. The court asked the plaintiff husband on the trial "whether or not the water was backed by the culvert upon his land every year since he owned it, so as to damage his crops and brickyard, or whether the ponding back of water was done at intervals, some years there being no ponding back of water." The witness said in reply, "This did not occur every year, but did occur about an average of four years out of five years." It seems to us clear, and we cannot hesitate to decide, that no prudent business man would place and keep his brickyard and brick kilns at a place like that in question, where he would hazard the loss or serious injury described by the plaintiff four years out of five. No such enterprise could succeed, much less afford its owner profit, when it so frequently and so certainly (594) encountered such losses. A prudent business man would establish his business elsewhere, and seek his remedy for injury to his land. The evidence tended to show that the plaintiffs had known for many years of the overflow and back-water of which they complain, but, nevertheless, they persisted in their hazardous enterprise. They, in a proper case, have their remedy against the defendant for injury to their land occasioned by its default and negligence, but they cannot be excused from contributory negligence, where they for years continued to prosecute a business — that of manufacturing brick — which they knew, or had strong reason to believe, would encounter injury occasioned by the negligence of the defendant, of which they complain. They contributed directly to their own injury when they kept their brickyard and kilns at a place where they knew that the business of the defendant would give rise to injury to them. The plaintiffs are entitled to their remedy for injury to their land. They may establish such lawful enterprise on their own land as they see fit, but when the defendant negligently interferes with their enterprise to their injury, they must be careful not *Page 432 
to contribute to their own injury, else they must take the consequences of their imprudence. The negligence of the defendant cannot warrant contributory negligence of the plaintiffs. The defendant's insufficient culvert caused the flooding of plaintiff's land. The latter well knew of this for years; still they put their brick kilns where they had strong reason to believe they too would be flooded, and injured or destroyed. They thus contributed to their own injury. The injury was occasioned directly by the conjoint acts of both parties.