THOMAS v. SOUTHERN RAILWAY CO.

(Filed November 20, 1902.)

1. BAGGAGE—*Carriers of Passengers—Negligence—Contracts.*

   A common carrier can not contract with a passenger against the
   loss of baggage by its negligence.

2. APPEAL—*Assignment of Error—Case on Appeal—Facts Agreed—
   Damages.*

   Where, in an action against a railroad company for damages for
   loss of baggage by fire, the "facts agreed" are defective, in
   that the essential element of negligence upon which the
   validity of the contract depends is not determined and
   stated, the case will be remanded that this may be ascer-
   tained by a jury, if not agreed upon by the parties.

COOK, J., dissenting.

ACTION by J. S. & J. R. Thomas against the Southern Railway Company, heard by Judge *M. H. Justice,* at September Term, 1902, of the Superior Court of HAYWOOD County. From a judgment for the plaintiffs, the defendant appealed.

*Crawford & Hannah,* and *Robert D. Gilmer,* for the plaintiffs.

*George F. Bason,* for the defendant.

CLARK, J.   The "facts agreed" are defective in that the essential element of negligence upon which the validity of the contract depends is not determined and stated.   The law is well settled and thus summed up in 2 Fetter on Carriers of Passengers, Sec. 580: "A common carrier of passengers is an insurer of the passenger's baggage against all loss or damage, except for that caused by the act of God or by the public enemy."   Section 627: "A common carrier of a passenger's baggage may, by express contract, relieve himself from his common law liability as insurer; but by the weight of authority, he can not exempt himself from liability for negligence of himself or his servants.

In *Capehart v. R. Co.,* 81 N. C., at page 444; 31 Am. Rep., 505; Ashe, J., citing *Smith v. R. Co.,* 64 N. C., 235, and *Glenn v. R. Co.,* 63 N. C., 510, and other authorities, says that the common carrier can not stipulate against any loss caused by negligence.   To same purport, *Wood v. R. Co.,* 118 N. C., at page 1063.   *Brown v. Tel. Co.,* 111 N. C., at page 191; 32 Am. St. Rep., 793; 17 L. R. A., 648; citing from Cooley on Torts, 687, says: "The old principle that one can not provide by contract against liability for negligence applies to every species and degree of negligence or tort."

The facts here agreed admit the destruction of the trunk "by fire in a wreck of the train caused by a slide of dirt and

rocks upon the track." There is a presumption of negligence from the fact that the train was derailed by running into a pile of dirt and rocks upon the track. 2 Fetter, *supra*, Sec. 482. *Res ipsa loquitur.* This presumption is not rebutted in the facts agreed. It is not agreed that there was no negligence, and the plaintiff contends that the defendant admits negligence by submitting the case upon the validity of the contract on that state of facts. The validity of such contract, as applied to the facts of any case, depends upon whether there was negligence on the part of the defendant, and, upon the facts agreed, if there were not a presumption of negligence, there is certainly no presumption to the contrary, and the case should go back that this may be ascertained by a jury, if not agreed upon by the parties.

Error.

DOUGLAS, J., concurring. I concur in the opinion of the Court that this case should be remanded in order that the essential fact of negligence may be found by verdict or agreement. In fact, I am somewhat inclined to think that the plaintiff is entitled to judgment on the facts agreed under the decision of this Court in *Marcom v. Railroad,* 126 N. C., 200, where it is said: "The principles governing the case at bar are well settled. It is the duty of every railroad company to provide and maintain a safe road-bed, and its negligent failure to do so is negligence *per se.* * * * As the law places upon the company the positive duty of providing a safe track, including the incidental duties of inspection and repair, its unsafe condition, whether admitted or proved, of itself raises the presumption of negligence. This is always the case where there is a failure to perform a positive duty imposed by law. The burden of proving such a failure of legal duty rests upon the plaintiff, but when that fact is proved or admitted, the burden of proving all such

facts as are relied on by the defendant to excuse its failure, rests upon the defendant. Its plea, then, is in the nature of confession and avoidance."

If it be contended that no presumption of negligence arises against the defendant from the naked fact of obstruction stated by the case agreed, there is certainly no presumption in its favor. The landslide may not originally have been caused by the negligence of the defendant, but that would not excuse the failure of proper inspection, or negligently permitting the road bed to remain in a dangerous condition without repair and without warning, after its condition was or might have been discovered by due diligence. In the view most favorable to the defendant, its negligence is an open question.

Cook, J., dissenting. Upon the facts stated in the case agreed, plaintiff is bound by her special contract with defendant company, and can recover only the sum of one hundred dollars for the baggage destroyed by fire in the wreck.

There is a distinction between a passenger ticket in the ordinary form, which is regarded as a mere voucher or token, and a ticket which is and purports on its face to be the entire contract between the carrier and passenger. (5 A. and E. Enc. Law, 2d Ed., 560.)

The regular local first-class fare was three cents per mile; but in buying a thousand mile ticket, paying for that much mileage at one time, which could be used from time to time at convenience, until exhausted, the plaintiff obtained transportation at a reduced rate, two and one-half cents per mile, and defendant received the lump sum, which was an advantage to both parties.

The right to make such a special contract is too well settled to be controverted. It was founded upon a valuable consideration, which consisted in a reduction of the fare.

The limit of one hundred dollars for liability on account of the baggage was a reasonable and valid one. Compensation for the carriage of baggage is included in the passenger's fare (*Indianapolis and R. R. Co. v. Cox*, 29 Ind., 360; 95 Am. Dec., 640; *Warner v. Burlington and R. R. Co.*, 22 Iowa, 166; 92 Am. Dec., 389), so that which was being taken by plaintiff in excess of the amount agreed upon was not covered by the contract and fare paid, but was being carried without compensation. Plaintiff's failure to read the ticket was not the fault of the defendant. She knew that she was obtaining transportation at a reduced rate, and being required to sign the ticket in the presence of the witness who attested her signature, had express notice that she was obligating herself in some way; it does not appear that she did not *understand* the contract, nor that she did not read it *after* signing it, and before boarding the car; she had it in her possession and could have done so. This being a special contract, as distinguished from an ordinary passage ticket, and in writing and signed, there was no obligation resting upon defendant's agent to read it or to notify her of its conditions and limitations.

Counsel for plaintiff argue orally and by brief, that defendant can not contract against its negligence, and therefore a recovery should be had for the full value, and cite the authorities to sustain that proposition of law. But the facts in the case agreed do not show that the destruction of the trunk was caused by defendant's negligence.

The sliding of dirt and rocks upon the track, causing the wreck of the train, nothing else appearing, does not show or raise presumption of negligence, and this is the only fact as to the wreck submitted to us.